IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Randall White, | ) | Cr. No. 6:98-293 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Movant Randall White was found guilty after a jury trial of conspiracy to possess with intent to distribute and to distribute a quantity of cocaine, in violation of 21 U.S.C. § 846 (Count 1); and possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting, in violation of 18 U.S.C. § 2 (Count 2). Movant was sentenced on January 19, 1999, by the Honorable William B. Traxler, Jr. to incarceration for a term of 400 months as to each count, to be served concurrently. Judgment was entered February 1, 1999. Movant appealed his conviction and sentence. The Court of Appeals for the Fourth Circuit affirmed. *See United States v. White*, 203 F.3d 824 (4th Cir. 2000) (unpublished).

On February 8, 2001, Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On August 6, 2002, the court issued an order granting the Government's motion for summary judgment, and dismissing the § 2255 motion. Movant appealed the court's order on August 26, 2002. The Fourth Circuit denied a certificate of appealability and dismissed the appeal. *See United States v. White*, 54 F. App'x 151 (4th Cir. 2002) (unpublished). Movant has filed numerous other post-conviction motions and appeals, all of which have been denied by this court and the Fourth Circuit.

1

The within matter is before the court on Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which motion was filed on March 26, 2012. ECF No. 246. On April 4, 2013, the Government moved to dismiss Movant's § 2255 motion. ECF No. 250. On the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Movant of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. ECF No. 252. Movant filed a reply on April 12, 2012. ECF No. 254. Movant has also filed a motion challenging the court's jurisdiction, ECF No. 245; a motion to amend his § 2255 motion, ECF No. 256; a motion for "status report" and "expedited disposition of his pending motions," ECF No. 257; and a motion to appoint counsel, ECF No. 258.

## DISCUSSION

**A.  *Section 2255 Motion***

The Government contends that the court should dismiss Movant's § 2255 as it is his second such motion, and Movant has not sought an order from the Fourth Circuit authorizing this court to consider a successive § 2255 motion. ECF No. 250-1 at 2-3. The court agrees.

A defendant must be careful to include all grounds for relief in an initial motion to vacate because the ability to raise other grounds in second or successive motions to vacate is limited. Specifically, "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). Section 2244 requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate

2

court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, RULES GOVERNING SECTION 2255 PROCEEDINGS ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion.").

Movant had his first § 2255 motion adjudicated in 2002 and has not sought an order from the Fourth Circuit authorizing the court to consider a second such motion. Therefore, Movant's § 2255 motion is dismissed.

**B.  *Motion to Amend***

Movant has filed a motion to supplement and amend his § 2255 motion. The motion is denied as futile, as the amendment would not address the procedural issue that the court does not have authorization from the Fourth Circuit to hear a second § 2255 motion.

**C.  *Motion Challenging the Court's Jurisdiction***

Movant challenges the court's subject matter jurisdiction. The Fourth Circuit has stated:

> Subject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231. . . . Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.

*United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006) (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) (internal quotation marks omitted). Movant was indicted and convicted by a jury for violations of federal criminal statues. The court has subject matter jurisdiction over prosecutions arising under those laws. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all

offenses against the laws of the United States."). Therefore, Movant's motion challenging the court's jurisdiction is denied.

**D.** *Motion to Appoint Counsel*

It is within the court's discretion to appoint counsel if it deems it to be "in the interest of justice." 18 U.S.C. § 3006A(2)(b). Rule 8(c) of the RULES GOVERNING § 2255 PROCEEDINGS provides that a court must appoint counsel in a habeas proceeding only "[i]f an evidentiary hearing is required." The interests of justice do not require the appointment of counsel, and an evidentiary hearing is not required to resolve Movant's motion. Accordingly, Movant's motion to appoint counsel is denied.

## CONCLUSION

For those reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 246, is **DENIED**. The Government's motion to dismiss, ECF No. 250, is **GRANTED**. Movant's motion challenging the court's jurisdiction, ECF No. 245, is **DENIED**. Movant's motion to amend, ECF No. 256, is **DENIED**. Movant's motion to appoint counsel, ECF No. 258, is **DENIED**. Movant's motion for a status report, ECF No. 257, is **DENIED** as moot.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84

(4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

                              s/ Margaret B. Seymour
                              Margaret B. Seymour
                              Senior United States District Judge

Columbia, South Carolina
July 1, 2013